[Cite as *In re Estate of Murphy*, 2026-Ohio-3141.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN THE MATTER OF THE ESTATE OF :
DAVID RUSSELL MURPHY AKA :
DAVID R. MURPHY, DECEASED :

:  C.A. No. 30786

:  Trial Court Case No. 2025 EST 02059

:  (Appeal from Common Pleas Court-
:  Probate Division)

:  **FINAL JUDGMENT ENTRY &**
:  **OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 14, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
CHRISTOPHER B. EPLEY, JUDGE

HANSEMAN, J., concurs.

TUCKER, J., dissents.

ADAM R. WEBBER and MAXWELL B. NEWSOME, Attorneys for Appellant
BARRY W. MANCZ, Attorney for Appellee

EPLEY, J.

{¶ 1} Letisha Burkitt, an heir of David R. Murphy, appeals from the order of the Montgomery County Common Pleas, Probate Division, vacating the letter of authority to Burkitt appointing her as the fiduciary for Murphy's will. For the following reasons, the judgment of the trial court is affirmed.

**I. Facts and Procedural History**

{¶ 2} Murphy died on July 11, 2025, leaving behind two biological daughters, Letisha Burkitt and Tamara George, as well as one adopted daughter, Rachel Mackey. On November 4, 2025, Burkitt filed a notice of deposit of Murphy's original will, along with a memorandum in support of submission of will to probate. Burkitt stated that the will was signed by three competent witnesses: Burkitt, George, and notary Rachael Sparaco, an uninterested party.

{¶ 3} On November 5, 2025, Burkitt filed an application to probate will, as well as Form 1.0, pertaining to the surviving spouse, children, next of kin, legatees, and devisees. Burkitt also filed a form accepting the duties required of the fiduciary of Murphy's estate and a waiver of notice of probate of will and a waiver of right to administer, which was signed by George. On January 6, 2026, the probate court admitted the will to probate and issued a letter of authority to Burkitt appointing her as the fiduciary.

{¶ 4} However, on the same day, the probate court sua sponte issued an order requiring Burkitt to show cause within thirty days as to why she should not be removed as

the fiduciary for submitting an incorrect Form 1.0. The probate court stated that although the first page of Form 1.0 referenced all three of Murphy's daughters, the second page of the form listed only Burkitt and George as vested beneficiaries.

{¶ 5} The probate court further took issue with the witnesses to the execution of Murphy's will. Specifically, it noted that, aside from a few exceptions, R.C. 2107.15 provides that "[i]f a devise or bequest is made to a person who is one of only two witnesses to a will, the devise or bequest is void." *See* R.C. 2107.15. It appears that the probate court based its concern regarding the witnesses to Murphy's will on the Ohio Supreme Court's ruling in *Rogers v. Helmes*, 69 Ohio St.2d 323 (1982). There, the Supreme Court considered whether (1) an interested witness to a written will may be a competent witness thereto and (2) a devise or bequest in a written will made to an interested, supernumerary witness, who later testifies as one of two witnesses to prove the execution of the will, is void by operation of R.C. 2107.15.

{¶ 6} The probate court emphasized the Supreme Court's reasoning that "[i]f the substantive validity of a will would not be affected by the absence of an interested witness' signature, then R.C. 2107.15 by its terms does not apply," and the voiding provision of R.C. 2107.15 is not invoked. The probate court interpreted this holding to mean that the appropriate test for whether a will is valid requires the court to ask whether the will would have two competent witnesses to make the will substantively valid if the signature(s) of the witness(es)/beneficiary(ies) were removed. Here, the probate court questioned whether Murphy's will would be valid without the signatures of Burkitt and George.

{¶ 7} In light of these questions, the probate court ordered, in relevant part, (1) that Burkitt show cause within thirty days as to why she should not be removed as the fiduciary for submitting an incorrect Form 1.0, and (2) that Burkitt could satisfy the requirements of

3

the order by submitting an amended Form 1.0 that included Mackey or by submitting a memorandum explaining why the probate court's interpretation of R.C. 2107.15 was incorrect. The probate court stated that it would "review the docket and determine the next procedural steps at the conclusion of the thirty (30) day period described above."

{¶ 8} On January 20, 2026, Burkitt filed a memorandum in support of submission of will to probate and response to order to show cause. Burkitt addressed both the Form 1.0 issue and the probate court's interpretation of the law related to R.C. 2107.15. On February 3, 2026, Mackey filed a response to the probate court's show cause order, agreeing with the probate court's interpretation of R.C. 2107.15. Mackey requested that Burkitt be removed as the fiduciary and that the probate court hold a hearing on that issue.

{¶ 9} On February 17, 2026, the probate court issued an order vacating the letter of authority. The court did not address Form 1.0 or R.C. 2107.15. Instead, the court reasoned that Burkitt "[was] not named as fiduciary in the will, and no hearing on the application for authority to appoint a fiduciary occurred." The probate court held that the letter of authority to Burkitt was "issued in error" and ordered that it be "vacated and rendered null and void." The probate court further ordered that it would "hold a status conference with the parties to determine next steps." In the meantime, the court ordered Burkitt to submit an affidavit within thirty days "describing what assets she has marshalled in her capacity as the Court appointed fiduciary, and what she has done with those assets." The probate court further ordered that "[t]he status quo should be maintained, and no property should be transferred or sold."

{¶ 10} Burkitt now appeals from the probate court's judgment, raising one assignment of error.

4

## II. Removal of Burkitt as Fiduciary

{¶ 11} Before discussing whether Burkitt's removal as fiduciary to Murphy's estate was proper, we must first acknowledge the very narrow scope of the issue presently before us. Specifically, the probate court's initial show cause order raised concerns regarding whether Burkitt correctly filled out Form 1.0 and whether R.C. 2107.15 applied to void George's and Burkitt's signatures on the will. In compliance with the probate court's order, the parties filed briefs discussing these issues. Moreover, the assignment of error Burkitt raises in the appellant's brief also pertains to whether the probate court appropriately removed her as fiduciary due to an incorrect Form 1.0 and the voiding statute set forth in R.C. 2107.15.

{¶ 12} However, the probate court's order vacating the letter of authority did not make any final determinations regarding Form 1.0 or the applicability of R.C. 2107.15. In fact, the order vacating the letter of authority did not refer to these issues at all. Instead, the probate court merely stated that it wished to hold a hearing on the appointment of a fiduciary because there was no fiduciary named in Murphy's will. Accordingly, the only issue properly before us is whether the probate court erred by removing Burkitt as the fiduciary on that basis.

{¶ 13} The removal of a fiduciary rests within the sound discretion of the trial court, and we will not reverse that decision absent a clear showing of abuse of that discretion. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "It is to be expected, however, that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *State v. Malloy*, 2012-Ohio-2664, ¶ 24 (2d Dist.).

**{¶ 14}** Pursuant to R.C. 2109.24, a probate court "may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law."

**{¶ 15}** Here, the record demonstrates that the probate court complied with the requirements set forth in R.C. 2109.24 by giving the parties thirty days to submit briefs regarding whether Burkitt should be removed as the fiduciary. Further, it is within the probate court's discretion to hold a hearing regarding the appointment of a fiduciary, especially when there is no fiduciary named in the will and there are multiple heirs. The record before us establishes that the probate court acted reasonably when it determined that a hearing on this issue would be appropriate, and it complied with the requirements set forth in R.C. 2109.24. Therefore, the probate court did not abuse its discretion when it removed Burkitt as the fiduciary to hold a hearing on this matter.

### III. Conclusion

**{¶ 16}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HANSEMAN, J., concurs.

TUCKER, J., dissents:

**{¶ 17}** Burkitt was not provided an opportunity to contest the probate court's reasons for removing her as the estate's fiduciary. This failure, in my view, violated her right to procedural due process. I dissent and would remand the case so that Burkitt is given an opportunity to contest the trial court's reasons for her removal.

6

{¶ 18} Burkitt, without dispute, was legally appointed as the estate's fiduciary. Then, as set forth in the majority opinion, the probate court, on the same day the appointment occurred, sua sponte issued an order requiring Burkitt, within 30 days, to show cause why she should not be removed as the fiduciary based on the court's concerns regarding Mackey's exclusion from Form 1.0 and the court's interpretation of R.C. 2107.15. The show cause order required Burkitt to either submit an amended Form 1.0 that included Mackey or file a memorandum articulating why the court's interpretation of R.C. 2107.15 was incorrect.

{¶ 19} After Burkitt had filed a memorandum that addressed Form 1.0 and R.C. 2107.15, the probate court issued an order removing Burkitt as the fiduciary. This order, somewhat inexplicably, did not address either Form 1.0 or R.C. 2107.15, but instead simply stated that Burkitt "[was] not named as fiduciary in the will, and no hearing on the application for authority to appoint a fiduciary [had] occurred." The court concluded that the letter of authority was "issued in error" and ordered that it be "vacated and rendered null and void."

{¶ 20} Before an estate's fiduciary can be removed, the fiduciary is entitled to a hearing to respond to the court's concerns that prompted the R.C. 2109.24 notice of removal. *In re Hoppes*, 2014-Ohio-5749, ¶ 15 (12th Dist.), quoting *In re Wiethe v. Beaty*, 2000 WL 1725380, *5 (12th Dist.), citing *In re Estate of Paull*, 90 Ohio App. 403, 408 (8th Dist. 1950). The notice and hearing requirements conform to the fundamental procedural due process rights of notice and an opportunity to be heard. *Whitman v. Whitman*, 2007-Ohio-4231, ¶ 16 (3d Dist.), citing *Goldberg v. Kelly*, 397 U.S. 254 (1970), and *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See also In re G.B.*, 2019-Ohio-236, ¶ 24 (2d Dist.) ("Mother had a due process right to be heard regarding Father's child support request."); *In re Murphy*, 2005-Ohio-5656, ¶ 10 (5th Dist.) ("[t]rial court violated [Mother's] procedural due process rights by failing to afford her notice and an opportunity to be heard prior to terminating [a] shared parenting

plan, granting [Father] legal custody, eliminating [Mother's] parenting time and ordering her to pay child support."). Whether a person has been afforded procedural due process is a matter of law reviewed de novo. *G.B.* at ¶ 22.

{¶ 21} I agree with the majority opinion that the probate court complied with the R.C. 2109.24 notice requirement by giving Burkitt 30 days to respond to the court's concerns. And if Burkitt's removal had been premised on either non-compliance with Form 1.0 or the probate court's interpretation of R.C. 2107.15, she was probably provided an appropriate opportunity to be heard, with my hesitancy on this issue owing to an unwillingness to endorse an approach that forecloses an evidentiary hearing to resolve any factual disputes. However, the probate court's order was not based on either Form 1.0 or R.C. 2107.15; in fact, as stated by the majority opinion, the court's order "did not refer to those issues at all." Instead, the probate court, it seems, removed Burkitt because there was no fiduciary named in the will, and, because of this, the court wanted to conduct a hearing on the appointment of the fiduciary.

{¶ 22} Any thought that the probate court's suggested hearing concerning the appointment of the estate's fiduciary will cure any error in the removal procedure is incorrect. This is so because an order appointing an estate fiduciary is not a final order subject to appeal. *In re Estate of Thomas*, 2014-Ohio-3481, ¶ 9 (9th Dist.); *In re Estate of Hamad*, 2018-Ohio- 4980, ¶ 18 (9th Dist.).

{¶ 23} To conclude, removing Burkitt as the estate's fiduciary without giving her an opportunity to be heard regarding the probate court's stated removal reasoning violated her procedural due process right to an opportunity to be heard. This deficiency, in my view, requires reversal of the removal order and a remand to the probate court. I, therefore, dissent.

8